### 39111. SHELLEY v. QUEEN.

FRANKUM, Judge. The plaintiff alleged in his petition that he had found a "baby Lynx" in the North Georgia mountains; that he brought it to his home in Marietta, Ga., for the purpose of taming and domesticating it; that between November 11, 1959, and June 8, 1960, it became domesticated to the extent that it was tame, playful and displayed no viciousness or instinct generally found in wild animals; that on June 7, 1960, plaintiff's minor son placed a collar on said lynx "in preparation of the plaintiff's taking said lynx to the Marietta Police Department, where it was to be observed by members of the Marietta Police Department as had been requested by another police officer"; that as the plaintiff

"started out the door of his residence the leather collar became unfastened" and the lynx began to play around the plaintiff's yard and out of his sight; that the plaintiff was unable to locate the lynx that night; that at approximately 11:45 a.m., on the following day an unknown person reported to the police department that a lynx was running at large in the vicinity of plaintiff's home; that the defendant and a fellow officer arrived at 107 Hawkins Street, Marietta, at about 12 noon; that several persons were gathered in the yard and were in the immediate vicinity of the said lynx; and that "the defendant  .  .  .  after having been told that the lynx was tame and a friendly pet, and further over the protest of other persons, [he] deliberately  .  .  .  and without justification, provocation, or the necessity to do so, shot and killed said domesticated pet lynx with a shotgun."

The petition further alleges that the defendant "knew of the existence of said domesticated lynx and had prior to the 8th day of June, 1960, requested permission and expressed a desire to visit in your petitioner's home for the purpose of observing" said lynx.

A general demurrer was filed to the petition which was overruled. This ruling is assigned as error. *Held:*

"Property may exist in all animals, birds, and fishes. To constitute property in those which are wild by nature, as distinguished from domestic animals, one must have them within actual possession, custody, or control; this he may obtain either by taming or domesticating them, or by confining them within restricted limits, or by killing or capturing them." *Code* § 85-1703.

The plaintiff alleges in his petition that he caught and tamed the lynx. By taking actual possession and custody of the lynx and taming it, the plaintiff obtained a property right in the animal.

The petition affirmatively alleges that when the defendant arrived at the scene where the lynx was reported to be at large, he was informed that the lynx found there was "tame and a family pet, and further over the protest of other persons, [he] deliberately  .  .  .  and without justification, provocation, or the necessity to do so, shot and killed said domesticated pet lynx  .  .  ."

It is a jury question whether the defendant had a reasonable

belief that the lynx found in the yard was a wild animal at large, or whether he killed the lynx with knowledge that it was a tame pet and constituted no danger to the public. See 3 C.J.S. 1330, Animals, § 213b; 2 Am. Jur. 701, Animals, § 13.

The court did not err in overruling the general demurrer to the plaintiff's petition.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED NOVEMBER 21, 1961.

*Wm. H. Burke*, for plaintiff in error.
*Holley, Bullard & Olah, W. P. Holley, Albert Adair*, contra.